1  TIMOTHY P. JOHNSON (BAR NO. 66333)
2  LAW OFFICES OF TIMOTHY P. JOHNSON
   1970 OLD TUSTIN AVENUE, SECOND FLOOR
3  SANTA ANA, CALIFORNIA 92705
4  TELEPHONE: (714) 832-1170
   FACSIMILE: (714) 832-1179
5  E-MAIL: tjohnson@johnson-chambers.com
6
   Attorneys for Defendant LTD Financial Services, L.P.
7

FILED

2012 JUN -1  PM 2: 22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

8

9                    UNITED STATES DISTRICT COURT

10              FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12

13   EDWARD KESHISHYAN              Case No. CV12-4814 -JFW (Ex)

14   Plaintiff

15              vs.                 **NOTICE OF REMOVAL**

16   LTD FINANCIAL SERVICES, L.P.

17

18   Defendant.

19

20

21          TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22

23          PLEASE TAKE NOTICE that Defendant LTD Financial Services, L.P.

     hereby removes to this Court the state court action described below:

24

25

26          1.    On May 14, 2012, a complaint was filed against Defendant LTD

     Financial Services, L.P. by Plaintiff Edward Keshishyan in an action pending in the

27   Superior Court of the State of California in and for the County of Los Angeles,

28   entitled, _Keshishyan v. LTD Financial Services, L.P.,_ Case No. 12A04044.   A copy

                                        -1-
     NOTICE OF REMOVAL

LAW OFFICES OF TIMOTHY P. JOHNSON

of the state court complaint ("complaint") and other papers served on removing Defendant in the state court action are attached hereto as Exhibit 1.

2.  This removal petition is timely under 28 U.S.C. §1446(b) because removing Defendant was served with the summons and complaint on or about May 29, 2012.

## JURISDICTION

3.  This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331 and that may be removed to this Court by removing Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that the complaint seeks damages based upon violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq.

## VENUE

4.  The complaint was filed in the Superior Court of the State of California, County of Los Angeles.  Therefore, venue in the Central District is proper. 28 U.S.C. §1441 (providing for removal "to the district court of the United States for the district and division embracing the place" where the state court action is pending).

Dated: May 30, 2012

LAW OFFICES OF TIMOTHY P. JOHNSON

By: _____

TIMOTHY P. JOHNSON
Attorneys for Defendant LTD Financial
Services, L.P.

-2-

NOTICE OF REMOVAL

EXHIBIT "1"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LTD FINANCIAL SERVICES, L.P.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EDVIN KESHISHYAN

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles County Superior Court

MAY 14 2012

John A. Clarke, Executive Officer/ Clerk

By _____ , Deputy
C. GAITAN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Los Angeles

9425 Penfield Avenue
Chatsworth, CA 91311

**CASE NUMBER:**
*(Número del Caso):* 12A04044

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

DATE: MAY 14 2012
*(Fecha)*

JOHN A. CLARKE

Clerk, by     G. GAITAN     , Deputy
*(Secretario)* _____ *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. [X] on behalf of *(specify)*:     LTD Financial Services, L.P.

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
[X] CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.

Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211 ·
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
Attorney for Plaintiff

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles County Superior Court

MAY 14 2012

John A. Clarke, Executive Officer/ Clerk
By_____, Deputy
G. CAITAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
LIMITED JURISDICTION

EDVIN KESHISHYAN,

Plaintiff,

vs.

LTD FINANCIAL SERVICES, L.P.,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.    12A04044

COMPLAINT FOR VIOLATION
OF ROSENTHAL FAIR DEBT
COLLECTION PRACTICES ACT;
FEDERAL FAIR DEBT COLLECTION
PRACTICES ACT AND TELEPHONE
CONSUMER PROTECTION ACT

(Amount not to exceed $10,000)

1. Violation of Rosenthal Fair Debt
   Collection Practices Act
2. Violation of Fair Debt Collection
   Practices Act
3. Violation of Telephone Consumer
   Protection Act

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's

violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.*

(hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

(hereinafter "FDCPA") both of which prohibit debt collectors from engaging in abusive,

deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims

1   for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.*

2   (hereinafter "TCPA").

### II. PARTIES

2.     Plaintiff, Edvin Keshishyan ("Plaintiff"), is a natural person residing in Los Angeles county in the state of California and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.     At all relevant times herein, Defendant, LTD Financial Services, L.P. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

### III. FACTUAL ALLEGATIONS

4.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect alleged outstanding debts.

5.     In its attempts to contact and communicate with Plaintiff, Defendant often used an auto-dialing system to call Plaintiff's personal cellular phone (818) 515-0001 and further used pre-recorded messages utilizing an artificial voice to leave messages on Plaintiff's personal cellular phone.

6.     Defendant contacted Plaintiff at (818) 353-2629 in connection with an attempt to collect an alleged debt that does not belong to Plaintiff.

7.      Defendant contacted Plaintiff at (818) 353-2629 with such a frequency as to constitute harassment under the circumstances, including calling multiple times per day.

8.      Defendant contacted Plaintiff at (818) 353-2629 at times and places that were known to be inconvenient, including but not limited to, multiple calls per day and calling on debt that does not belong to Plaintiff.

9.      Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d)), including, but not limited to, repeatedly contacting Plaintiff in attempt to collect a debt;

c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5)), including, but not limited to, calling Plaintiff more than twice a day, more than ten times a week, and more than twenty times a month;

d) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d)), including, but not limited to, calling Plaintiff more than twice a day, more than ten times a week, and more than twenty times a month; and

e) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)), including, but not limited to, calling Plaintiff more than twice a day, more than ten times a week, and more than twenty times a month.

10.     Defendant's conduct violated the TCPA by:

a) Using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone

service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

11. As a result of the above violations of the FDCPA, RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

13. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

B.    Actual damages;

C.    Statutory damages;

D.    Costs and reasonable attorney's fees; and,

E.    For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

15.    Plaintiff reincorporates by reference all of the preceding paragraphs.

16.    To the extent that Defendant's actions, counted above, violated the TCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct violated the TCPA;

B.    · Actual damages;

C.    Statutory damages for willful and negligent violations;

D.    Costs and reasonable attorney's fees,

E.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 2nd day of May, 2012.

By: _____

Nicholas J. Bontrager, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorneys for Plaintiff

| SHORT TITLE: Edvin Keshishyan v. LTD FINANCIAL SERVICES, L.P. | CASE NUMBER | 12A04044 |
|---|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 2-4 ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

|  | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Medical Malpractice (45) | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0

Page 1 of 4

| SHORT TITLE: Edvin Keshishyan v. LTD FINANCIAL SERVICES, L.P. | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
|  | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
|  | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
|  | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
|  | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
|  | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
|  | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
|  | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
|  | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
|  | ☐ A6032  Quiet Title | 2., 6. |
|  | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

Left margin category labels: Non-Personal Injury/ Property Damage/ Wrongful Death Tort; Employment; Contract; Real Property; Unlawful Detainer

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Edvin Keshishyan v. LTD FINANCIAL SERVICES, L.P. | | CASE NUMBER |
| --- | --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Edvin Keshishyan v. LTD FINANCIAL SERVICES, L.P. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>10726 Tinker Ave. |
|---|---|

| CITY: Tujunga | STATE: CA | ZIP CODE: 91042 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Chatsworth___ courthouse in the ___North Valley___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __April 30, 2012__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Todd M. Friedman, Esq. SBN 216752, Darin Shaw, Esq. SBN 251037<br>Law Offices of Todd M. Friedman<br>369 S. Doheny Dr. #415<br>Beverly Hills, CA 90211 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 877-206-4741        FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, Edvin Keshishyan | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles County Superior Court |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 9425 Penfield Avenue<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Chatsworth, CA 91311<br>BRANCH NAME: | MAY 14 2012 |
| CASE NAME:<br>Edvin Keshishyan v. LTD FINANCIAL SERVICES, L.P. | John A. Clarke, Executive Officer/ Clerk<br>By _____ , Deputy |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited   ✓ Limited<br>(Amount         (Amount<br>demanded      demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 12A04044<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
✓ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties          d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence               f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is ✓ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 1, 2012
Todd M. Friedman
_____          ► _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| *Superior Court of California, County of Los Angeles* <br> North Valley District, Chatsworth Courthouse <br> 9425 Penfield Avenue, Chatsworth, CA 91311 | Reserved for Clerk's File Stamp |
|---|---|
| **PLAINTIFF** <br> *Keshishyan* | |
| **DEFENDANT** <br> *LTD* | |

| NOTICE OF ALL PURPOSE CASE ASSIGNMENT and <br> NOTICE OF CASE MANAGEMENT CONFERENCE | **CASE NUMBER** <br> *12A04044* |
|---|---|

**Notice of Civil Assignment:**                                                                 **Dept. F46**

Plaintiff/Attorney(s) for Plaintiff are hereby ORDERED to serve a copy of this Notice on all parties at the time of service of the complaint and summons. Cross-complainants and plaintiffs-in-intervention are ordered to serve a copy on each new party brought into the case. This case is randomly assigned to ▓Judge John Kralik▓ for all purposes, in ▓Department F46▓ of the North Valley District of this Court. All law and discovery matters must be calendared directly with the judicial assistant or court assistant in Department F46 by calling (818) 576-8430 between the hours of 9:30 a.m. to noon and from 1:30 p.m. to 4:00 p.m. Monday through Friday.

**Notice of Case Management Conference:** All parties are ordered to appear at a Case Management Conference in **Department F46** at the courthouse address shown above at **8:30 a.m.** on

Date: *9/19/12*

***NOTICE: READ PAGE 2 OF 2 FOR IMPORTANT INFORMATION**

You are hereby notified that failure of any party to comply with these Orders may result in sanctions, including dismissal of the complaint and/or striking a pleading, such as an answer, and payment of money. This Order continues on Page 2 of 2. You are further given notice that failure to comply with the provisions of California Rules of Court, Rule 3.110 will result in the setting of an OSC re sanctions. Please read Rule 3.110 and page 2 of this Notice, and all applicable rules and statutes mentioned.

Dated: **MAY 1 4 2012**

*Charlaine F. Olmedo*

Hon. Charlaine F. Olmedo, Supervising Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to this action and that on _____ I served the Notice of All Purpose Case Assignment and Notice of Case Management Conference upon each party or counsel named below: **MAY 1 4 2012**

☐ by personally giving the party notice upon filing of the complaint.

☑ by depositing in the United States mail at the courthouse at Chatsworth, California, one copy of the original filed herein in a separate sealed envelope to each address shown on page 2 herein with postage fully prepaid.

Date: **MAY 1 4 2012**

John A. Clarke, Executive Officer/Clerk

**G. GAITAN**

By _____, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - LIMITED CIVIL CASE

Case Number _____ 12A04044 _____

Your case is assigned for all purposes to the judicial officer indicated below.

| | ASSIGNED JUDGE | DEPT. | ROOM |
|---|---|---|---|
| ✓ | Hon. John J. Kralik | F46 | 2400 |
| | | | |
| | | | |
| | | | |
| | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on **MAY 1 4 2012** JOHN A. CLARKE, Executive Officer/Clerk

By _____ G. GAITAN _____, Deputy Clerk

### Instructions For Handling Limited Civil Cases

The following critical provisions, as applicable in the North-Valley District are cited for your information.

**PRIORITY OVER OTHER RULES:** The priority of Chapter Seven of the LASC Local Rules over other inconsistent Local Rules is set forth in Rule 7.2(c) thereof.

**CHALLENGE TO ASSIGNED JUDGE:** To the extent set forth therein, Government Code section 68616(i) and Local Rule 7.5 control the timing of Code of Civil Procedure section 170.6 challenges.

**TIME STANDARDS:** The time standards may be extended by the court only upon a showing of good cause. (Cal. Rules of Court, rule 3.110). Failure to meet time standards may result in the imposition of sanctions. (Local Rule 7.13).

Except for collections cases pursuant to California Rules of Court, rule 3.740, cases assigned to the Individual Calendar Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served and the proof of service filed within 60 days after filing of the complaint.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint. A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. (Code Civ. Proc., § 428.50).

**CASE MANAGEMENT REVIEW:** A Case Management Review will be scheduled by the Court for no later than 180 days after the filing of the complaint. (Local Rule 7.9(a)(2)).

Pursuant to California Rules of Court, rules 3.720-3.730, no later than 15 calendar days before the date set for Case Management Review/Conference, each party (individually or jointly) must file and serve a Case Management Statement using the mandatory Judicial Council form No. CM-110.

**DEFAULTS** (Local Rule 9.10): If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff must file a Request for Entry of Default within 10 days after the time for service has elapsed. Failure to timely file the Request for Entry of Default may result in an Order to Show Cause being issued as to why sanctions should not be imposed. The plaintiff must request default judgment on the defaulting defendants within 40 days after entry of default.

**NOTICED MOTIONS:** All regularly noticed motions will be calendared through the assigned department. Each motion date must be separately reserved and filed with appropriate fees for each motion. Motions for Summary Judgment must be identified at the time of reservation. All motions should be filed in the Clerk's office.

**EX PARTE MATTERS:** All ex parte applications should be noticed for the courtroom. Ex parte appearance applications for direct set courtrooms must be filed by 8:15 a.m. in Room 1200 on the day of the hearing. Ex parte appearance matters set in Dept. F46 (i.e., all unlawful detainers where possession is still at issue) must be noticed for Dept. F46, but filed at Counter Lim. Civ, Room 1200, no later than 8:15 a.m. m. on the day of the hearing.

**UNINSURED MOTORISTS CLAIMS:** Delay Reduction Rules do not apply to uninsured motorist claims. The plaintiff must file a Notice of Designation with the Court, identifying the case as an uninsured motorist claim under Insurance Code section 11580.2.

LACIV ___ 001 (Rev. 07/07)
LASC Approved 09-04

**NOTICE OF
CASE ASSIGNMENT – LIMITED CIVIL CASE**

# COURT ADR PROGRAMS

CIVIL:

- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31. Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15. Cal. Rules of Court. rules 3.850-3.860. 3.865-3.872 and 3.890-3.898. Evid. Code §§ 1115-1128, and Local Rules. rule 3.252 et seq.)
  - o Civil Harassment Mediation
  - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
  - o Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
  - o Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
  - o Retired Judge Settlement Conference

FAMILY (non-custody):

- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules. rule 5.18)
- Mediation (Local Rules. rule 5.18)
- Settlement Conference
  - o Forensic Certified Public Accountant (CPA)
  - o Spanish Speaking Settlement Conference

PROBATE:

- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select an arbitrator. mediator. or evaluator from the Party Select Panel or may hire someone privately. at their discretion. If the parties utilize the Random Select Panel. the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| Party Select Panel | The Party Select Panel consists of arbitrators, mediators. and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter. parties may stipulate in writing for additional hearing time at the rate established by the neutral. |
| --- | --- |
| Random Select Panel | The Random Select Panel consists of trained arbitrators, mediators. evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter. parties may stipulate in writing for additional hearing time at the rate established by the neutral. |

## ADR ASSISTANCE

For assistance regarding ADR. please contact the ADR clerk at the courthouse in which your case.was filed.

| Antonovich | 42011 4th St. West | 1st Fl. | Lancaster. CA 93534 | 661-974-7275 | 661-945-8173 | AntelopeADR@lasuperiorcourt.org |
| --- | --- | --- | --- | --- | --- | --- |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8565 | 818-576-8733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale. CA 91206 | 818-500-3160 | 818-548-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3802 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-482-9019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-666-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 106 | Pomona. CA 91766 | 909-620-3183 | 909-629-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | .505 S. Centre St. | 209 | San Pedro. CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-6130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles. CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7326 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA. 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May <u>Not</u> Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May <u>Not</u> Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 1 of 2

*Keshishyan v. LTD Financial Services, L.P.*
**USDC, Case No.**

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1970 Old Tustin Avenue, Second Floor, Santa Ana, California 92705.

On May 30, 2012, I served a true copy of the **NOTICE OF REMOVAL** on all interested parties in this action by:

[  ]   By personally delivering it to the person(s) indicated below in the manner as provided in FRCP 5(B);

[ X ]   By depositing it in the United States mail in a sealed envelope with the postage thereon fully prepaid to the following:

Nicholas J. Bontrager, Esq.
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr.  Suite 415
Beverly Hills, CA  90211

[  ]   By overnight delivery using an envelope or package provided by the overnight service carrier and addressed to the following:

[  ]   By ECF:  On this date, I electronically filed the document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to the following:

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

**EXECUTED** on May 30, 2012, at Santa Ana, California.

TIMOTHY P. JOHNSON

-3-

NOTICE OF REMOVAL